UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MARYETTA I. DURHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-126-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STATE FARM MUTUAL | ) | **MEMORANDUM OPINION** |
| AUTO INSURANCE COMPANY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Maryetta Durham alleges breach of contract and violations of the Kentucky Unfair Claims Settlement Practices Act, K.R.S. §§ 304.12–230 and 304.12–235, against Defendant State Farm Mutual Auto Insurance Company. [Record No. 1-1, pp. 2−6] On April 29, 2016, the defendant removed this action from the Boyle Circuit Court, properly alleging diversity jurisdiction under 28 U.S.C. § 1332. [Record No. 1] Durham has moved the Court to remand the action back to state court. [Record No. 10] In an attached Stipulation, she asserts that "the Plaintiff's claims against the Defendant, State Farm Mutual Automobile Insurance Company, do not exceed the sum of $75,000.00." [Record No. 10, p. 1] Based on this revision, Durham argues that the case no longer meets the statutory requirements of 28 U.S.C. § 1332. *Id.*

A response is not needed to the plaintiff's motion. It is true that a case filed in state court is removable only if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United

-1-

States have original jurisdiction[] may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005) ("[Section] 1441 . . . authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court."). Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Further, the removing party bears the burden of establishing diversity jurisdiction. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Therefore, a party seeking to invoke federal court jurisdiction has the burden of demonstrating by competent proof that the amount-in-controversy requirement is met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (noting that "[t]his standard does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement") (internal quotation marks omitted).

Generally, the amount in controversy can be established by reference to the allegations in the Complaint. Based on Durham's Complaint, it is more likely than not that the amount-in-controversy exceeds $75,000.00. When the Complaint was filed, Durham sought the limits of her underinsured motorist policy ($50,000), plus damages under the Kentucky Unfair Claims Settlement Practices Act, K.R.S. §§ 304.12–230 and 304.12–235. Additionally, she sought attorney fees and punitive damages. Thus, the question becomes whether a plaintiff

may divest the Court of jurisdiction by reducing her damage claims following proper removal by a defendant. The answer is no.

Events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his or her volition, do not oust the district court's jurisdiction once it has attached. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289−90 (1938). Simply put, a plaintiff cannot defeat federal jurisdiction by agreeing to seek no more than $75,000.00 (the federal jurisdictional limit) *after* the action has been removed to federal court. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *see also Saint Paul Mercury Indem. Co.*, 303 U.S. at 289−90 ("[E]vents occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) ("We look to the complaint at the time of removal . . . and determine whether the action was properly removed in the first place"). Therefore, without further information indicating that the amount in controversy did not exceed the jurisdictional minimum at the time of removal, remand is not appropriate. Accordingly, it is hereby

**ORDERED** that Plaintiff Durham's motion to remand [Record No. 10] is **DENIED**.

This 18th day of July, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge